Argued and submitted November 20, 1998, affirmed January 5, 2000

In the Matter of the Compensation of
Michael W. Vestal, Claimant.

Michael W. VESTAL,
*Petitioner,*

*v.*

BARRETT BUSINESS SERVICES,
*Respondent.*

(96-11164; CA A100974)

994 P2d 806

Robert Sola argued the cause for petitioner. On the brief was Richard Dobbins.

Scott Terrall argued the cause for respondent. With him on the brief were Travis L. Terrall and Scott H. Terrall & Associates.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

* Kistler, J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Claimant seeks review of a final order in which the Workers' Compensation Board held that respondent Barrett Business Services was not his employer at the time of his injury. The Board rejected claimant's contention that he was an employee of Wayne Allen and Allen Family Construction, which had an agreement with Barrett by which Allen's workers became employees of Barrett, which then leased the workers to Allen.[1] The Board held that another person, Chad Jackson, was Allen's employer for the job on which claimant worked and that Allen hired and supervised claimant on Jackson's behalf, not his own. We affirm.

We state the facts as the Board found them; claimant does not challenge those findings. On October 5, 1996, claimant went to a street corner in Portland seeking work to fill a few days when his regular employer would have nothing available. Allen pulled up at the corner in a truck that had a sign that said "Allen Family Construction" and that offered roofing services. He shouted "work" in Spanish; claimant and several other workers got into the truck. Allen took the workers to an apartment complex in Beaverton where he put them to work removing rotten siding. Claimant used tools that Allen provided. Jackson had a contract that included replacing the siding on the complex and had engaged Allen to assist, because Allen had siding experience, which Jackson did not.[2] Allen Family Construction, however, was a roofing, not siding, business. Allen originally did the work by himself, but Jackson thought that it was going too slowly. Allen therefore hired additional workers, including claimant, because he thought that that was what Jackson wanted. He had done that once before October 5, and Jackson had given him money to pay the workers' wages.

Claimant saw Jackson at the work site but did not know who he was. Other workers talked with Jackson, who

[1] Allen was the owner and sole proprietor of Allen Family Construction. Barrett was responsible for workers' compensation coverage for the employees whom Allen hired under the agreement. We will hereafter refer to Allen or Allen Family Construction, rather than Barrett, as claimant's putative employer.

[2] At the end of the job, Jackson paid Allen by a check for $1,800 without deducting taxes or other amounts from the check.

supervised their work on a different part of the building, away from the area where claimant worked. Allen supervised claimant's work. Several hours after beginning work, claimant fell off a ladder and fractured his ankle.[3] Allen, Allen's wife, and Jackson took claimant to a hospital emergency room, with Jackson driving his vehicle. While claimant was in the hospital, Allen brought $40 that Jackson had given him and placed it in claimant's pants. Some time during that period he also told claimant that Jackson was his employer. The day that claimant had surgery on his ankle, Allen visited him and asked him not to file a workers' compensation claim but instead to use the Oregon Health Plan. The day that claimant left the hospital, Allen brought him food from a church food bank, had claimant's prescriptions filled, and indicated that he would help with rent and utilities.

■       From these facts the Board concluded that Allen was Jackson's employee and that Allen had hired claimant on Jackson's behalf, not his own. In doing so, it emphasized its findings that Jackson had a contract with the building owner to replace the siding, that Allen's normal business was roofing, and that Jackson hired Allen to work outside of the normal work of his business because of Allen's experience with siding. The Board recognized that Allen's actions after the accident suggested that he felt exposed to a workers' compensation claim, but it concluded that those actions were not sufficient to show that Allen was the employer.

■       On review, claimant argues that Allen was his employer as a matter of law, because Allen had and had exercised the right to control claimant's work. ORS 656.005(13); see *Trabosh v. Washington County*, 140 Or App 159, 915 P2d 1011 (1996). As we pointed out in *Trabosh*, when the facts are undisputed, whether a person is an employee or an independent contractor is a matter of law for the court. 140 Or App at 163. Here, if Allen was an independent contractor, then claimant was his employee; if Allen was Jackson's employee, then claimant was also.[4] In this case, determining many of

[3] Although claimant did not know so at the time, the ladder belonged to Jackson.

[4] The Board implicitly rejected claimant's argument that he was a joint employee of Allen and Jackson when it found that Allen was Jackson's employee.

the essential facts require drawing inferences from the limited information available. Although claimant does not assert that there is insufficient evidence to support the Board's findings of fact and the inferences that it drew, his argument essentially asks us to draw different conclusions and inferences.[5] Claimant focuses on evidence that shows that Allen actually hired him and directed his work. As Barrett points out, however, those actions are consistent with the Board's conclusion that Allen acted as Jackson's supervisory employee rather than on his own account. Determining the weight to give to other factors, such as Allen giving claimant $40 after his injury, apparently for his wages, or Jackson's failure to withhold taxes from the check that he gave Allen, is the Board's responsibility, not that of a reviewing court. The evidence supports the Board's conclusions, and the Board adequately explained how it reached them. We therefore affirm its order.

Affirmed.

---

[5] Claimant also asserts on review that Allen was an independent contractor as a matter of law under ORS 656.027(7)(b), because he was registered with the Construction Contractor's Board and claimant was engaged in work within the scope of that registration. Claimant did not make that argument, or any argument tangentially related to it, to the Board, and we therefore do not consider it. Claimant also did not argue, at the Board or on review, that Allen was a party to the employment contract because he was an agent for an undisclosed principal. *See Salem Tent & Awning v. Schmidt*, 79 Or App 475, 478-79, 719 Or 899, *rev den* 302 Or 36 (1986).